IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AMANDA DUDDEN | : |
| 88 GARDENIA DRIVE | : |
| HANOVER, PENNSYLVANIA 17331 | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BALTIMORE POLICE DEPARTMENT | : |
| 249 WEST 29TH STREET | : |
| BALTIMORE, MARYLAND 21211-2908 | : |
| | : |
|     Serve:  Michael Harrison, Commissioner | : |
|          601 E. Fayette Street | : |
|          Baltimore, Maryland 21201 | : |
| | : |
|     Defendant. | : |

## **COMPLAINT**

Plaintiff, Amanda Dudden, by and through her undersigned counsel, for her Complaint against the Baltimore Police Department for sexual harassment, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and Maryland law, hereby states as follows:

### **PARTIES**

1.    Plaintiff, Amanda Dudden, was at all times relevant hereto an employee of the Baltimore Police Department.

2.    Defendant, Baltimore Police Department covers the jurisdiction of the City of Baltimore and is the 8th most significant municipal police force in the United States.  The decision-making authority for the BPD remains with the Police Commissioner of his designee.

### **JURISDICTION AND VENUE**

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., 42 U.S.C. § 2000(e) et. seq.

1

4.      At all times relevant to this case, Defendant has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

5.      Venue is vested in this Court, since the facts giving rise to this case took place in Baltimore City.

**FACTS**

6.      Plaintiff was hired as a Police Officer by the Baltimore City Police Department in January, 2020.

7.      Plaintiff is female, 29 years old and has children.

8.      On or about September 8, 2020, Plaintiff's Field Training Officer (FTO) Andrew Brown began sexually harassing her, including asking her out for dates, insisting that she have sex with him and sending her sexually inappropriate text messages and photos of himself.

9.      Plaintiff complained to Sgt. Ruiz who reported the harassment to Internal Affairs (IA) in or about March, 2021.

10.     On or about November 20, 2020, Plaintiff was eating lunch with Marcus Langley, a fellow officer.

11.     Plaintiff was showing him pictures of her children on her personal phone and Officer Langley took her phone saying that he could not see.

12.     While Officer Langley had Plaintiff's phone, he went through her personal photographs and texted himself several photos of Plaintiff, including one of her naked and two in her underwear.

13.     Plaintiff met with Internal Affairs (IA) in March, 2021 about the sexual harassment issues.

14.     IA had all of the text message from Officer Brown at the time of that meeting.

15.     After this meeting, Officer Brown stopped harassing her, but he was not disciplined in any way.

16.     In late May, 2021, Plaintiff was again interviewed by IA about Officer Brown.

17.     During that interview, Plaintiff disclosed that Officer Langley had texted himself her personal photos from her phone, that Plaintiff was uncomfortable that he had done that, and asked that Officer Langley be instructed to delete the photos.

18.     One of the Internal Affairs interviewers, Venessa Simpson (a woman), asked Plaintiff to show her the photos that Officer Langley had sent to himself.

19.     Plaintiff showed her the photos and Ms. Simpson's response was that it was inappropriate for a mother to have pictures like that on her phone.

20.     Plaintiff was forced to resign/constructively discharged on June 6, 2021 for "misconduct."

21.     The Baltimore City Police Department does not maintain any policy, rule or general order that prohibits Baltimore City Police Officers from possessing personal photos of themselves on their personal phones.

22.     More specifically, Plaintiff is not aware of any policy that prohibits mothers from possessing such photos on their personal phones.

23.     On or about July 22, 2021, Plaintiff filed a Charge with the Equal Employment Opportunity Commission (cross filed with the Maryland Commission on Civil Rights), Charge No. 531-2021-2768.

24.     On March 24, 2022, with more than 180 having passed and the matter not having been resolved by the EEOC, Plaintiff requested a Right to Sue Letter.

25.     On March 28, 2022, the EEOC transmitted Plaintiff's request for a Right to Sue Letter to the Department of Justice.  The DOJ has not taken any action on this matter.

COUNT I
SEXUAL HARASSMENT/GENDER BASED DISCRIMINATION
TITLE VII

26.     Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

27.     Pursuant to Title VII, it is unlawful for an employer to discriminate against an employee on the basis of her gender.

28.     Defendant has an affirmative obligation to provide a workplace that is free from harassment and discrimination.

29.     Plaintiff was subjected to a hostile work environment on the basis of her gender when she her training supervisor began sexually harassing her, including asking her out for dates, insisting that she have sex with him and sending her sexually inappropriate text messages and photos of himself.

30.     Defendant's inaction and Officer Brown's conduct had the effect of unreasonably interfering with Plaintiff's work performance.

31.     Defendant's inaction and Officer Brown's conduct created an intimidating, hostile and offensive working environment, which was perceived by Plaintiff to be abusive or hostile.

32.     Plaintiff was further subjected to sexual harassment and a hostile work environment when Officer Langley texted himself photos from Plaintiff's personal phone.

33.     Plaintiff complained to internal affairs about Officer Langley's inappropriate behavior.

34.    Defendant's statement that a mother (woman) should not "have photos like that on her phone" subjected Plaintiff to treatment that a man would not have been subjected to.

35.    On June 6, 2021, Plaintiff was forced to resign her position in lieu of termination, resulting in her constructive discharge.

36.    Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's actions and inaction.

COUNT II
SEXUAL HARASSMENT/GENDER BASED DISCRIMINATION
MARYLAND LAW

37.    Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

38.    Pursuant to Md. Code Ann. [St. Gov.] s20-601, et. seq. it is unlawful for an employer to subject an employee to a hostile work environment on the basis of her gender.

39.    Defendant has an affirmative obligation to provide a workplace that is free from harassment and discrimination.

40.    Plaintiff was subjected to a hostile work environment on the basis of her gender when she her training supervisor began sexually harassing her, including asking her out for dates, insisting that she have sex with him and sending her sexually inappropriate text messages and photos of himself.

41.    Defendant's inaction and Officer Brown's conduct had the effect of unreasonably interfering with Plaintiff's work performance.

42.    Defendant's inaction and Officer Brown's conduct created an intimidating, hostile and offensive working environment, which was perceived by Plaintiff to be abusive or hostile.

5

43.     Plaintiff was further subjected to sexual harassment and a hostile work environment when Officer Langley texted himself photos from Plaintiff's personal phone.

44.     Plaintiff complained to internal affairs about Officer Langley's inappropriate behavior.

45.     Defendant's statement that a mother (woman) should not "have photos like that on her phone" subjected Plaintiff to treatment that a man would not have been subjected to.

46.     On June 6, 2021, Plaintiff was forced to resign her position in lieu of termination, resulting in her constructive discharge.

47.     Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's actions and inaction.

<u>COUNT III</u>
<u>RETALIATION</u>

48.     Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

49.     Pursuant to Title VII and Maryland State law, it is unlawful for an employer to retaliate against an employee who has engaged in protected activity.

50.     Plaintiff reported Officer Brown's sexual harassment to Sergeant Ruiz in or about March, 2021.

51.     Sgt. Ruiz notified IA about Plaintiff's complaints and an internal investigation was opened.

52.     Plaintiff met with IA about her complaints against Officer Brown in May, 2021.

53.     At that time, Plaintiff also complained that Officer Langley had taken inappropriate photos from Plaintiff's phone and sent them to himself.

54.     Plaintiff's complaints about Officers Brown and Langley are protected activity.

6

55.     Less than 3 weeks later, and is response to Plaintiff's participation in protected activity, she was forced to resign on June 6, 2021.

56.     Defendant's response to Plaintiff's complaints, namely forcing her to resign, would reasonably dissuade Plaintiff and other employees from making or supporting a charge of discrimination or harassment in the future.

57.     On June 6, 2021, Plaintiff was forced to resign her position in lieu of termination, resulting in her constructive discharge.

58.     Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's actions and inaction.

WHEREFRORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendant for:

A.     On Count I (Violation of Title VII of the Civil Rights Act of 1964), economic damages in the amount of $75,000.00 and Compensatory Damages in the Amount of $300,000.00;

B.     On Count II (Violation of Md. Code Ann. [St. Gov] ss20-601,et seq.), economic damages in the amount of $75,000.00 and Compensatory Damages in the Amount of $300,000.00;

C.     On Count III (Retaliation), economic damages in the amount of $75,000.00 and Compensatory Damages in the Amount of $300,000.00;

D.     Award Plaintiff all of her fees and costs associated with this matter, including her attorneys' fee; and

E.     Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## <u>JURY TRIAL</u>

Plaintiff requests that all matters in this case be tried by a jury.


Dated: June 23, 2022                         Respectfully Submitted,

                                              /s/Neil S. Hyman_____
                                              Neil S. Hyman, Esquire
                                              Federal Bar ID: 15158
                                              Law Office of Neil S. Hyman, LLC
                                              4520 East West Highway, Suite 700
                                              Bethesda, Maryland 20814
                                              301-841-7105 (p)
                                              neil@neilhymanlaw.com
                                              *Counsel for Plaintiff*